UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ROBERT FRIEDMAN,

                                   Plaintiff,                                         **REPORT & RECOMMENDATION**

          -against-                                                   No. 23-CV-1121-EK-JRC

NORIBAR,

                                   Defendant.

----------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

Plaintiff Robert Friedman ("plaintiff"), who is proceeding *pro se* and *in forma pauperis*, brings this action against defendant Noribar, pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.[1] Plaintiff alleges that defendant would not permit him entry because he suffers from Tourette Syndrome. *See* Compl. at page 5, Dkt. 1.

Currently pending before this Court, on a referral from the Honorable Eric R. Komitee, is plaintiff's motion for default judgment against defendant. *See* Mot. for Default Judgment, Dkt. 17. For the reasons set forth below, this Court respectfully recommends denying without prejudice plaintiff's motion for default judgment.

## Background

The only factual allegations contained in the Complaint are below and are accepted as true for purposes of this motion. *See Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y.*

---

[1] Although plaintiff did not cite a statute in the Complaint, the Court construes his allegation that he was denied entry to Noribar because of "disability discrimination based on my [Tourette] syndrome," Compl. at page 4, as a claim for violation of Title III of the ADA. *See Friedman v. Chocolatte Espresso Bar LLC*, No. 22-CV-1645, 2024 WL 1835336, at *2 (E.D.N.Y. Apr. 26, 2024).

*Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187-89 (2d Cir. 2015). "I tried to enter Noribar [and] the worker approached me in a belligerent manner and ordered me banned because of my disability [Tourette] syndrome." Compl. at page 5.

On February 8, 2023, plaintiff commenced this action against Noribar. *See* Dkt. 1. By Order dated February 17, 2023, this Court granted plaintiff's motion to proceed *in forma pauperis* and directed the United States Marshals Service (the "USMS") to serve the Summons and Complaint upon defendant Noribar, without prepayment of fees. *See* Order, Dkt. 4. However, the summons was returned unexecuted after the USMS attempted to serve process at the business' premises. *See* Summons Returned Unexecuted, Dkt. 7.

On November 2, 2023, the Court directed the USMS to serve defendant via the New York Secretary of State, since defendant is an active New York corporation. *See* Order dated Nov. 2, 2023. In response, the USMS mailed to the New York Secretary of State the USM-299 form for acknowledging service. *See* Summons Returned Executed, Dkt. 10. The return of service filed by the USMS states: "USM 299 Mail Waiver / Certified Mail." *Id.*

By letters dated December 7, 2023, December 18, 2023, December 27, 2023 and November 12, 2024, plaintiff requested that the Court grant default judgment against defendant. *See* Dkts. 11, 12, 13, 14. On November 25, 2024, Judge Komitee advised plaintiff that "a party may not move for default judgment without first seeking a certificate of default from the clerk of court," and directed plaintiff to do so "before re-filing his motion for default judgment." Order dated 11/25/24. On December 2, 2024, plaintiff filed a motion for entry of a certificate of default. *See* Request for Certificate of Default, Dkt. 15. On December 18, 2024, the Clerk of Court entered default against defendant. *See* Clerk's Entry of Default, Dkt. 16. The instant motion followed. *See* Dkt. 17.

**Discussion**

I. **Default Judgment**

Having reviewed plaintiff's Complaint, the Court finds that the allegations are insufficient, warranting denial of plaintiff's motion for default judgment.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," a plaintiff may apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(a), (b)(2). Under Rule 55 of the Federal Rules of Civil Procedure, there are two steps to entering a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. *See id.*; Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). This first step is nondiscretionary. *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). Second, after the Clerk of the Court enters a defendant's default, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment. *See* Fed R. Civ. P. 55(a), (b)(2).

However, even if plaintiff complies with the procedural requirements of Rule 55, "the plaintiff is not entitled to a default judgment as a matter of right." *Francis v. Major World Car Dealership*, No. 19-CV-189, 2019 WL 4686505, at *2 (E.D.N.Y. Aug. 22, 2019) (internal quotation marks and citation omitted), *report and recommendation adopted*, Order (E.D.N.Y. Sept. 26, 2019); *see Zabrodin v. Silk 222, Inc.*, 702 F. Supp. 3d 102, 112-13, 117 (E.D.N.Y. 2023). When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [ ] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor."

3

*Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  Nevertheless, "because a party in default does not admit conclusions of law, it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action."  *Cazares v. 2898 Bagel & Bakery Corp.*, No. 18-CV-5923, 2020 WL 2832766, at *3 (S.D.N.Y. May 31, 2020); *see TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations omitted).  "Default judgment is only appropriate where the plaintiff's complaint pleads facts sufficient to state a claim upon which relief can be granted."  *Francis*, 2019 WL 4686505, at *2 (internal quotation marks and citation omitted).

## II.    Pleading Deficiency

In the context of a motion for default judgment, "if a plaintiff fails to state a claim, a court cannot enter default judgment in the plaintiff's favor . . . and must instead dismiss the claim."  *Graham v. HSBC Mortg. Corp.*, No. 18-CV-4196, 2022 WL 1266209, at *4 (S.D.N.Y. Apr. 28, 2022); *see Uribe v. Nieves*, No. 17-CV-5155, 2022 WL 17770288, at *5 (E.D.N.Y. Sept. 13, 2022).  Regardless of whether defendant has failed to appear, "[a] default judgment is inappropriate where a plaintiff has failed to state a cause of action against the allegedly defaulting defendant."  *Graham*, 2022 WL 1266209, at *4 (quoting *Pac. M. Int'l Corp. v. Raman Int'l Gems*, 888 F. Supp. 2d 385, 393 (S.D.N.Y. 2012)).

*Pro se* pleadings must be read liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpreted to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).  Nevertheless, a party's *pro se* status "does not exempt a party from compliance with relevant

4

rules of procedural and substantive law." *Id.* at 477 (internal quotation marks and citations omitted).

*Pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint contain a short and plain statement showing that the pleader is entitled to relief. *See Constantino v. Rodriguez*, No. 24-CV-7885, 2025 WL 240914, at *3 (E.D.N.Y. Jan. 17, 2025); *Kastner v. Tri State Eye*, No. 19-CV-10668, 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019). Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the complaint need not provide "detailed factual allegations," it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

To establish a violation of Title III of the ADA, the plaintiff must show that he is 1) "disabled within the meaning of the ADA; 2) that defendants own, lease, or operate a place of public accommodation; and 3) that defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *see Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008); 42 U.S.C. § 12182(a).

In construing an almost identical complaint filed by the same plaintiff against a different establishment, Judge Komitee dismissed the complaint, finding that plaintiff's "conclusory allegation that he was banned from [an establishment] because of his Tourette Syndrome, is not accompanied by sufficient factual content to render his claim plausible under *Twombly* and

5

*Iqbal*. Specifically, the complaint never indicates why, in [plaintiff's] estimation, the manager's conduct was prompted by his disability." *Chocolatte*, 2024 WL 1835336, at *2; *see Constantino*, 2025 WL 240914, at *3 (dismissing *pro se* complaint for false arrest where complaint "sets forth no facts regarding the circumstances of her arrest"). For the same reasons Judge Komitee discussed in *Chocolatte*, this Court recommends denying plaintiff's motion for default judgment and dismissing plaintiff's Complaint, with leave to amend.

## Conclusion

For the reasons set forth above, this Court respectfully recommends that the District Court deny plaintiff's motion for default judgment without prejudice, and dismiss the complaint with leave to amend.

A copy of this Report and Recommendation is being mailed to plaintiff. Any objections to the recommendations made in this Report must be filed with the Honorable Eric R. Komitee within 14 days after the filing of this Report and Recommendation and, in any event, on or before **July 22, 2025**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) (discussing waiver under the former ten-day limit).

SO ORDERED

Dated: Brooklyn, New York
July 8, 2025

s/ James R. Cho
James R. Cho
United States Magistrate Judge

6