UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ROBERT FRIEDMAN,

Plaintiff,

-against-

NORIBAR,

Defendant.

-------------------------------------x

**MEMORANDUM & ORDER**
23-CV-1121(EK)(JRC)

ERIC KOMITEE, United States District Judge:

Plaintiff Robert Friedman brought this action in February 2023, alleging that restaurant Noribar "banned" him due to his Tourette syndrome. The Court dismissed his complaint in July 2025 for failure to state a claim, but granted leave to amend. *See* Memorandum & Order ("Mem. & Order"), ECF No. 20. Friedman was warned that any amended complaint that failed to satisfy an element of the claim may be dismissed with prejudice. *Id.* at 2. Friedman's new complaint still does not state a claim. The amended complaint is thus dismissed under 28 U.S.C § 1915, this time with prejudice.

In his amended complaint, Friedman alleges that he "suffers from Tourette Syndrome," was "previously kicked out [of Noribar] with no legal justification" and was told "[o]n or about June 12, 2025" that "because of [his] [T]ourette Syndrome . . . [h]e was permanently banned" from Noribar. Amended

Complaint 7-8, ECF No. 21. Friedman again invokes the Court's federal question jurisdiction, claiming a violation of Title III of the Americans with Disabilities Act. *Id.* at 4.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a district court must dismiss an *in forma pauperis* action that "fails to state a claim on which relief may be granted." Here, the only relief Friedman seeks is $500,000. Am. Compl. 5. As the Court has held in denying plaintiff's materially identical actions against other establishments, "monetary relief . . . is not available to private individuals under Title III of the ADA." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004); *see* Mem. & Order 3-4, *Friedman v. Sweet Expressions*, No. 24-CV-4024, ECF No. 5. Friedman has thus not stated a claim upon which relief can be granted. *See Sandler v. Benden*, 15-CV-1193, 2016 WL 9944017, at *16 (E.D.N.Y. Aug. 19, 2016) (plaintiff seeking monetary damages under Title III fails to state a claim), *aff'd*, 16-3218, 2017 WL 5256812 (2d Cir. Nov. 13, 2017).

Friedman's claim is therefore dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and *in forma pauperis* status is thus denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Further, as explained in *Friedman v. Sweet Expressions*, No. 24-cv-4024, ECF No. 18, a filing injunction

will be issued against Friedman unless he can show cause by October 30, 2026 why such an injunction is not warranted.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the *pro se* Plaintiff and note the mailing on the docket, enter judgment, and terminate this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 30, 2026
Brooklyn, New York